**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **WALLACE GODWIN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil No. 2:17-CV-272** |
| | ) | |
| | ) | |
| **U. S. FEDERAL GOVERNMENT,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff Wallace Godwin ("Godwin") filed this action alleging "non-enforcement of the CSA [Controlled Substances Act]," 21 U.S.C. 801 *et seq.*, by the federal government.  ECF No. 7 at 4.  Godwin does not point to any specific agency decision or action that has caused him a concrete and particularized injury.  Instead, Godwin's complaint appears to center on what he sees as a failure by the government to enforce federal drug laws with respect to medicinal or recreational marijuana laws enacted by a number of states.[1]  *Id.* at 6-9.  The only relief Godwin seeks is money damages for himself in the amount of $500,000,000.  *Id.* at 4.

Godwin's Complaint must be dismissed for lack of jurisdiction and failure to state a claim for three reasons:

---

[1] According to news sources, the current administration has suggested that it may re-evaluate this stance, at least as to recreational marijuana.  *See* http://www.businessinsider.com/sessions-says-he-will-enforce-federal-weed-laws-2017-3 (last visited July 12, 2017); https://www.washingtonpost.com/news/post-politics/wp/2017/02/23/spicer-feds-could-step-up-anti-pot-enforcement-in-states-where-recreational-marijuana-is-legal/?utm_term=.f101fe20bc45 (last visited July 12, 2017).

1. The bases Godwin alleges for the Court's subject matter jurisdiction do not provide this Court the authority to entertain his claims;

2. Even construing his claim as brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, Godwin cannot meet the prerequisites for invoking the APA's waiver of sovereign immunity;

3. Godwin lacks Article III constitutional standing.

## II.   DISCUSSION

### A. <u>Standard of Review.</u>

#### 1.   Federal Rules of Civil Procedure 12(b)(1).

Godwin bears the burden of proving that the district court has subject matter jurisdiction over his claim. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 377 (1994); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  As part of that burden when the United States is the defendant, Godwin must demonstrate the existence of an unequivocal waiver of sovereign immunity.  *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Testan*, 424 U.S. 392, 399 (1976) (same).

Pursuant to Rule 12(b)(1), a defendant may challenge a plaintiff's jurisdictional claim by attacking the sufficiency of a complaint's allegations pertaining to jurisdiction, or by attacking the veracity of the allegations themselves.  *Adams*, 697 F.2d at 1219.  If the latter, a court may consider and weigh evidence outside the pleadings in order to determine whether facts exists to support its jurisdiction.  *Id.*; *Williams*, 50 F.3d at 304 ("In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings . . . [and] 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'") (internal citations omitted).

2

### 2.   Federal Rules of Civil Procedure 12(b)(6).

Pursuant to Rule 12(b)(6), a lawsuit must be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir.2010) (a complaint must give "fair notice" of the claim and its grounds).   A claim is facially plausible when it contains factual allegations that permit the court to reasonably infer the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.   A court must take all factual allegations as true for purposes of a Rule 12(b)(6) motion, but the court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Johnson v. Portfolio Recovery Assocs., LLC*, 682 F.Supp.2d 560, 567 (E.D.Va. 2009) (Rule 12(b)(6) motion tests the legal sufficiency of the claim and does not resolve disputes concerning the merits).   A complaint is evaluated in its entirety, to include any documents attached or incorporated into the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

While a *pro se* complaint should be construed liberally, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the *pro se* plaintiff is not excused from the obligation to allege sufficient facts to support his claims, and neither the defendant nor the Court are required to advocate on a plaintiff's behalf, or "conjure up . . . [and] "construct full blown claims" a plaintiff has not made himself. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon*, 574 F.2d at 1152 (4th Cir. 1978) (not act as advocate); *Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 594-95 (E.D. Va. 2013) (same).   Moreover, a court has no duty to protect a *pro se* plaintiff from the effect of his own pleadings, and "if a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck—he has pleaded himself out of court.'" *Jefferson v. Ambroz*, 90

3

F.3d 1291, 1296 (7th Cir.1996); *Schreiber*, 938 F. Supp. 2d at 594-95 ("courts recognize that a

plaintiff can plead himself out of court by pleading facts that show that he has no legal claim.").

    **B.**  **The Complaint's stated bases for jurisdiction fail as a matter of law.**

    Godwin's Complaint invokes the federal question statute, 28 U.S.C. § 1331, and the CSA

as the jurisdictional bases for his action.  ECF No. 7 at 3.  Neither of these provisions provide the

district court with authority over Godwin's claim for money damages for the purported failure to

enforce federal drug laws.

    The federal question statute only describes a subject matter within the competence of the

district courts, but does not waive sovereign immunity to allow actions against the federal

government.  *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996).  Absent a clear,

unequivocal waiver of immunity, jurisdiction is lacking.  *Meyer*, 510 U.S. at 475.

    Godwin's Complaint fares no better under the CSA.  The CSA does not authorize an

independent, private right of action for money damages, which is what Godwin seeks.  *Durr v.*

*Strickland*, 602 F.3d 788, 789 (6th Cir. 2010); *McCallister v. Purdue Pharma L.P.*, 164 F. Supp.

2d 783, 793 (S.D.W. Va. 2001) ("no Congressional intent to create a private, civil right of

action" under the CSA).  The absence of authority that waives immunity for a money damages

claim deprives the district court of subject matter jurisdiction.

    The CSA does provide for a limited judicial review for certain agency decisions pursuant

to 21 U.S.C. § 877:

> All final determinations, findings, and conclusions of the Attorney General under
> this subchapter shall be final and conclusive decisions of the matters involved,
> except that any person aggrieved by a final decision of the Attorney General may
> obtain review of the decision in the United States Court of Appeals for the District
> of Columbia or for the circuit in which his principal place of business is located
> upon petition filed with the court and delivered to the Attorney General within
> thirty days after notice of the decision.  Findings of fact by the Attorney General,
> if supported by substantial evidence, shall be conclusive.

21 U.S.C § 877.  Even if Godwin's Complaint were construed as seeking judicial review, as opposed to the money damages he actually seeks, review pursuant to § 877 is not available.

Review pursuant to § 877 is limited to "final decision[s]" of the agency, and the existence of a final decision is "a prerequisite of judicial review." *John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 565 (D.C. Cir. 2007).  Further, such review must be sought "within thirty days after notice of the decision," 21 U.S.C § 877, a requirement that is also jurisdictional.  *Fry v. D.E.A.*, 353 F.3d 1041, 1044 (9th Cir. 2003); *Nutt v. Drug Enf't Admin.*, 916 F.2d 202, 203 (5th Cir. 1990) (same).  Here, Godwin fails to allege and cannot identify any specific "final decision" of the government that aggrieved him, much less one that occurred within thirty days of the filing his complaint.[2]  21 U.S.C § 877.  Instead, Godwin simply asserts "generalized grievances about the conduct of government" with respect to the enforcement of federal drug laws; the federal courts are not the appropriate forum for such grievances.  *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482–83 (1982).

Even if Godwin could overcome the "final decision" hurdle, judicial review under § 877 is expressly limited to review in the courts of appeal.  21 U.S.C § 877.  Where Congress "intended to channel objections to [an agency decision to] the courts of appeals[,] . . . it is clear Congress sought to preclude federal district-court jurisdiction." *Scottsdale Capital Advisors Corp. v. Fin. Indus. Regulatory Auth., Inc.*, 844 F.3d 414, 424 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1838 (2017).  Because § 877 channels any challenges to decisions arising under the CSA to the courts of appeal, this Court lacks jurisdiction and his claim must be dismissed.

---

[2] Godwin's Complaint was tendered on May 19, 2017 (ECF No. 1-1), and ordered filed on June 22, 2017 (ECF No. 7).

**C.  <u>The APA does not provide a basis for review for Godwin's claims.</u>**

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  APA review is limited to (i) "[a]gency action made reviewable by statute;" or (ii) "*final* agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704 (emphasis added).  Further, because the APA constitutes a waiver of sovereign immunity, *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012), any limitations or conditions placed on its waiver of immunity must be strictly observed, *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citing cases).

As noted, Godwin invokes the CSA as the basis for his claim, and while § 877 provides an avenue for judicial review (i.e., it provides for "agency action made reviewable by statute"), such review does not lie in the district court, but only in the courts of appeal.  An APA action lies in *this Court* only if Godwin is challenging a "final" agency action for which there is *no other adequate remedy*.  5 U.S.C. § 704; *see also Nielsen v. Hagel*, 666 F. App'x 225, 231 (4th Cir. 2016) (§ 704 is a "default" remedy which ordinarily is not available when Congress has provided another adequate review procedure, which deprives a district court of authority to hear the case).  Even assuming Godwin had identified a "final" agency action cognizable under the APA, which is denied, because § 877 already provides Godwin an adequate remedy via a petition for review filed in an applicable court of appeals, the district court lacks jurisdiction under the APA.  *See Versata Dev. Corp. v. Rea*, 959 F. Supp. 2d 912, 923 (E.D. Va. 2013) (where statutory scheme provided for direct appeal to Federal Circuit, APA review in the district court was unavailable), *aff'd sub nom. Versata Dev. Grp., Inc. v. Lee*, 793 F.3d 1352 (Fed. Cir. 2015).

In addition, by its express terms, the APA waives sovereign immunity only for "[a]n action in a court of the United States seeking relief *other than money damages* . . . . 5 U.S.C. § 702 (emphasis added); *see also Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians*, 567 U.S. at 215 ("The APA generally waives the Federal Government's immunity from a suit 'seeking relief other than money damages . . . .'"). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane*, 518 U.S. at192. Because the APA does not waive immunity for claims for money damages, and that is all Godwin seeks, even if Godwin could overcome the "adequate remedy" hurdle, the district court still is deprived of subject matter jurisdiction.

Finally, even construing Godwin's Complaint as one seeking only judicial review under the APA, as opposed to money damages, sovereign immunity is not waived because the APA does not authorize judicial review for decisions "committed to agency discretion by law." 5 U.S.C. § 704. Godwin complains that, since the Nixon administration, the government has "ignored the Federal law on marijuana." ECF No. 7 at 9. It is well established that "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the Government's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "In the federal criminal justice system, the Government retains broad discretion as to whom to prosecute," and that decision "is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985); *see also Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 293 (3d Cir. 2010) (The CSA "is a statute enforceable only by the Attorney General and, by delegation, the Department of Justice."). Because Godwin's grievance is, at root, an attack on the discretionary decisions of the government whether or not to enforce

7

the laws relating to marijuana, judicial review under the APA is unavailable. *See Heckler v. Chaney*, 470 U.S. 821, 838 (1985) ("The general exception to reviewability provided by § 701(a)(2) for action "committed to agency discretion" remains a narrow one, [internal citation omitted], but within that exception are included agency refusals to institute investigative or enforcement proceedings, unless Congress has indicated otherwise. In so holding, we essentially leave to Congress, and not to the courts, the decision as to whether an agency's refusal to institute proceedings should be judicially reviewable.")

In sum, even assuming Godwin could identify a final agency decision for the Court to review, because (i) he has an adequate remedy in the court of appeals; (ii) his action seeks relief not available under the APA; and (iii) he seeks to challenge decisions committed to the discretion of the Executive Branch, sovereign immunity is not waived under the APA and any attempt to construe his claim as arising under the APA must fail.

**D.  Godwin lacks Article III constitutional standing.**

Even assuming the availability of an APA action, or an action under § 877, or an action under some other legal theory, Godwin's claim would fail for want of standing. "To satisfy the Constitution's restriction of this Court's jurisdiction to 'Cases' and 'Controversies,' Art. III, § 2, a plaintiff must demonstrate constitutional standing. To do so, the plaintiff must show an 'injury in fact' that is 'fairly traceable' to the defendant's conduct and 'that is likely to be redressed by a favorable judicial decision.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1302 (2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)); *see also Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008) (same). It is Godwin's burden to establish his standing, *Friends for Ferrell Parkway v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002), and his Complaint

8

"must 'clearly ... allege facts demonstrating' each element" of standing is satisfied, *Spokeo*, 136

S. Ct. at 1547 (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)); *see also Lujan*, 504 U.S. at

561 (jurisdiction is more than "mere pleading requirements but rather an indispensable part of

the plaintiff's case").  Because it is abundantly clear that Godwin cannot establish the requisite

injury-in-fact, his Complaint must be dismissed for lack of standing.[3]

      "[I]njury in fact [is] the '[f]irst and foremost' of standing's three elements."  *Spokeo*, 136

S. Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Environment*, 523 U. S. 83, 103 (1998)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally

protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural

or hypothetical.'"  *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks

omitted).  "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and

individual way.'"  *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).  "The plaintiff must show that he

himself is injured by the challenged action of the defendant.  The injury may be indirect, but the

complaint must indicate that the injury is indeed fairly traceable to the defendant's acts or

omissions."  *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261 (1977)

(citation omitted); *Lujan*, 504 U.S. at 562 ("[W]hen the plaintiff is not himself the object of the

government action or inaction he challenges, standing is not precluded, but it is ordinarily

'substantially more difficult' to establish.") (internal citations omitted).  However, "[i]t is not

enough that a litigant 'suffers in some indefinite way in common with people generally.'"  *Bond*

---

[3] The United States does not concede Godwin satisfies the causation or redressability elements of
standing.  For example, to demonstrate redressability, a plaintiff must show that it is "likely" that
the specific injury alleged will be redressed by a favorable decision.  *Lujan*, 504 U.S. 560-61.
Here, Godwin seeks $500 million in money damages for relief.  While such an award would
make Godwin a very wealth man, it would serve no purpose in redressing his grievance
concerning the enforcement of the federal drug laws relating to marijuana.

*v. United States*, 564 U.S. 211, 225 (2011) (quoting *Frothingham v. Mellon,* 262 U.S. 447, 488 (1923)).

Here, Godwin's fundamental Complaint is that the U. S. government is not enforcing the federal drug laws, specifically the laws relating to marijuana, to his satisfaction.  ECF No. 7 at 9. Even if Godwin is correct (i.e., that the government is refusing to enforce laws relating to marijuana), Godwin fails to allege, and cannot show, how he is affected "in a personal and individual way," *Spokeo*, 136 S. Ct. at 1548, by this inaction.

The Supreme Court "repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law.  . . . Such claims amount to little more than attempts to employ a federal court as a forum in which to air . . . generalized grievances about the conduct of government."  *Valley Forge Christian Coll.*, 454 U.S. at 482–83  (internal citations and quotation marks omitted); *United States v. Hays*, 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power."); *Allen v. Wright*, 468 U.S. 737, 754 (1984) ("[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."), *abrogated by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).  Godwin's status as a taxpayer is insufficient to elevate this generalized grievance, to a cognizable injury-in-fact sufficient to establish standing.  *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007); s*ee also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 332 (2006) (State taxpayers have no standing under Article III to challenge spending decisions simply by virtue of their status as taxpayers.); *Coleman v. Miller*, 307 U.S. 433, 445 (1939) ("[O]ne who asserts the mere right of a citizen and taxpayer of the United States to complain of

10

the alleged invalid outlay of public moneys has no standing to invoke the jurisdiction of the

federal courts.").

The standing requirements "share a common purpose . . . to ensure that the judiciary, and

not another branch of government, is the appropriate forum in which to address plaintiff's

complaint." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154

(4th Cir. 2000). Godwin may very well have a "genuine interest" in the enforcement of

marijuana laws, but unless "he is in danger of suffering any particular concrete injury" because

of their purported non-enforcement, and he alleges none, he lacks the requisite injury necessary

to confer standing. *United States v. Richardson*, 418 U.S. 166, 177 (1974) ; *Linda R.S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973) ("a citizen lacks standing to contest the policies of the

prosecuting authority when he himself is neither prosecuted nor threatened with prosecution");

*see also Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) ("(A) mere interest in a problem, no

matter how long-standing the interest. . . is not sufficient by itself to render the" Plaintiff

injured.) (internal quotation marks omitted). Godwin's remedy lies in Congress, and not in the

courts. *See Lujan*, 504 U.S. at 576, 112 S. Ct. 2130, 2145, 119 L. Ed. 2d 351 (1992)

("Vindicating the *public* interest (including the public interest in Government observance of the

Constitution and laws) is the function of Congress and the Chief Executive.").

## III. CONCLUSION

Godwin's fundamental complaint focuses on the federal authorities' failure to enforce the

drug laws, as he perceives them and as he believes they should be enforced. This is the epitome

of a grievance "more appropriately addressed in the representative branches." *Doe v. Virginia*

*Dep't of State Police*, 713 F.3d 745, 753 (4th Cir. 2013). Because Godwin cannot establish any

basis for his claim to go forward in this Court, his Complaint must be dismissed.

Respectfully submitted,

U. S. FEDERAL GOVERNMENT
Defendant

By:    DANA J. BOENTE
United States Attorney


By:    _/s/ Kent P. Porter_____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the Defendant
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax:  757-441-6689
kent.porter@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the 25th day of August, 2017, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system.

I further certify that I will mail the foregoing document by U.S. mail, postage prepaid, to

the following non-filing user:

Wallace Godwin
520 Bryan Lane
Virginia Beach, VA 23452

_/s/ Kent P. Porter_____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the Defendant
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax:  757-441-6689
kent.porter@usdoj.gov